UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDUARDO GUIMARES AND
MARCIA CARMO,

                Plaintiffs,          Case No.: 1:16-cv-03388-PKC

     V.

BERKSHIRE COAL CORPORATION,
LAURA UTLEY, AN INDIVIDUAL AND
BENTLEY BLUM, AN INDIVIDUAL

                Defendants.

---

## DEFENDANT, BENTLEY BLUM'S MOTION TO DISMISS WITH INCOPORATED MEMORANDUM OF LAW

Defendant, BENTLEY BLUM ("**Blum**"), through undersigned counsel and pursuant to Rule 12(b)(2) and (5), respectfully moves this Court for entry of an order dismissing the Complaint [D.E. 1] against him, and in support states:

### Preliminary Statement

In short, Blum was never served with the summons and complaint in this action.

On May 6, 2016, the Plaintiffs filed the Complaint [D.E. 1]. Thereafter, Blum was purportedly served [See D.E. 16] as discussed *infra*. Blum never responded to the Complaint – because he was not served – and a Default Judgment [D.E. 35] was entered against him. The Default Judgment was vacated [See D.E. 56], because, in regards to Blum, there are serious questions – created by Plaintiff's own filings having created a record that is littered with contradictions and shortcomings – as to whether or not he was served.

1

I.   **This Court Lacks Personal Jurisdiction Over Blum**

This Court in The American Institute of Certified Public Accountants v. Affinity Card Inc., 8 F. Supp. 2d 372 (S.D.N.Y. 1998), cites the requirement of valid service of process to effectuate personal jurisdiction over a defendant:

> Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 103, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987).

In Weinstein v. Cardis Enterprises International, N.V., *et al.*, 2016 US Dist. Lexis 178262 (E.D.N.Y. Dec. 22, 2016)*,* the Court cited Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010), and held in pertinent part:

> To assert personal jurisdiction, "[t]he procedural requirements of effective service of process must be satisfied . . . ." *Sibley v. Jamestown Bd. of Pub. Utilities*, No. 11-CV-01043, 2012 U.S. Dist. LEXIS 97712, 2012 WL 2886505, at *2 (W.D.N.Y. July 13, 2012); *Kulwa v. Obiakor OB/GYN P.C.*, No. 12-CV-1868, 2013 U.S. Dist. LEXIS 17785, 2013 WL 504383, at *4 (E.D.N.Y. Feb. 8, 2013) ("Service of process is a required element of personal jurisdiction."). . . . "The burden of proving that the elements of personal jurisdiction are present falls on the plaintiff." *De Ganay v. De Ganay*, No. 11 CIV. 6490, 2012 U.S. Dist. LEXIS 174684, 2012 WL 6097693, at *4 (S.D.N.Y. Dec. 6, 2012).

These holdings have been echoed by the Second Circuit in the recent case of Westchase Residential Assets II, LLC v. Gupta*, et al.,* 2016 US Dist. Lexis 88160 (E.D.N.Y. 2016), which held:

> For a federal court to exercise personal jurisdiction over a defendant, "the plaintiff's service of process upon the defendant must have been procedurally proper." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).

   a.   **Blum was Never Served with the Summons and Complaint**

      i.   **The Verified Return of Service Does Not Have Blum's Correct Address**

The Plaintiffs failed to serve Blum because service was purportedly made at Blum's old

residence, 15811 Fisher Island Dr., Miami Beach, Florida 33109 (the "**Old Residence**")[1], as evidenced by the Verified Return of Service [See D.E. 16], which filing was the basis for Plaintiff's seeking an entry of default [See D.E. 24] and upon which alleged service the Default Judgment [D.E. 35] was entered by this Court.

In an attempt to overcome the reality of Plaintiff's own filing, *over a year* after filing the Verified Return of Service, and only after Blum pointed out a clear deficiency with the same, Plaintiffs claim that the Verified Return of Service was actually generated in error, and that Blum was in fact served at his current residence, 20010 Highland Lakes Blvd., Miami, Florida 33179 (the "**Current Residence**"). See D.E. 42, ¶ 8. In support of this contention, Plaintiffs filed an Amended Verified Return of Service [See D.E. 43-1], which purports that Blum was served at his Current Residence.

Blum expressly stated under penalties of perjury that he did not live at the Old Residence at the time of alleged service [D.E. 37-2, ¶19-23, (*See,* Blum Declaration dated September 18, 2017 [D.E. 37-2] "**First Blum Declaration**" attached as Exhibit A). Further, Blum was never served at his Current Residence either (*See,* Blum Declaration dated October 17, 2017 [D.E. 50-1, ¶2] "**Second Blum Declaration**" attached as Exhibit B).

Then, after the Default Judgment was vacated, in an effort to yet again ameliorate their service shortcomings, in support of Plaintiffs' Motion for Reconsideration [D.E. 58] of this Court's order vacating the default judgment [D.E. 56], Plaintiffs – for the first time in this lawsuit – attach an Affidavit of Service (the "**Third Return of Service**"), which purportedly evidences that Blum was served via a doorman at 920 Park Avenue, #2C, New York, NY 10028, an address where Blum has never lived and to which he has no relation. **[Declaration?]**

---

[1] Plaintiffs allege – in their Complaint – that this is Blum's residence. [D.E. 1, ¶ 11.]

Even more striking, all of Plaintiffs' subsequent filings prior to the entry of the Default Judgment were mailed to Blum at his Old Residence. *See, for example*, D.E. 21, D.E. 24, D.E. 29, D.E. 32. And so, if Plaintiffs had in fact served Blum at his Current Residence, it does not follow that counsel for Plaintiffs would have ***both***: (a) reviewed and filed an incorrect service return knowing Blum was actually served at his Current Residence, and (b) thereafter served each and every one of the subsequent documents filed in this matter to Blum at his Old Residence. [See D.E. 21, D.E. 24, D.E. 29 and D.E. 32 as well as (*See* Exhibit A [D.E.] 37-2, ¶26 and Exhibit B, [D.E. 50-1, ¶4).

### ii. Plaintiffs Description of Blum is Grossly Inaccurate

Plaintiff's service on Blum is even less convincing because both the Verified Return of Service [D.E. 16] and the Amended Verified Return of Service [See D.E. 43-1] (collectively, the "**Returns of Service**"), provide that Blum is: (a) in his 60s; (b) 5'6" tall; and (c) 160 pounds. Contrary to the Returns of Service, Blum is 76 years old, 5'8" tall, and weighs 225 pounds. *See* Exhibit A, [D.E. 37-2], ¶ 24-25 and Exhibit B, [D.E. 50-1], ¶3.

Each time Plaintiffs' service on Blum is – for legitimate reasons – brought into question, Plaintiffs seemingly summon a document out of the woodwork that purports to evidence that Blum was served, each of which has its own deficiencies. The: (a) Verified Return of Service – which Plaintiffs relied on for a year – reflects that Blum was purportedly served at his Old Residence and also has a grossly inaccurate description of Blum; (b) Amended Verified Return of Service has the same grossly inaccurate description of Blum (even though it was first filed after Blum raised the inaccurate address AND description issue); and (c) the Third Return of Service purports to serve Blum at an address where Blum has never lived and to which he has no relation.

Simply put, it appears that Plaintiffs cannot even be sure if Blum was served. Indeed, this Court stated that "there are serious questions as to whether Blum was ever served based on the description in the affidavit of personal service and also based on the erroneous address for the place of service." (November 20, 2017 Hearing Transcript [D.E. 61], 37:24-38:2.)

II.     **Conclusion**

For all of the foregoing reasons, the Complaint should be dismissed as to Blum as a matter of law for lack of personal jurisdiction.

Dated: December 20, 2017                    */s/ Michael I. Bernstein, Esq.*
                                            Michael I. Bernstein, Esq. (mb3203)
                                            **THE BERNSTEIN LAW FIRM**
                                            *Attorneys for Defendants*
                                            3050 Biscayne Boulevard, Suite #403
                                            Miami, Florida 33137
                                            Tel:  (305) 672-9544
                                            Email: michael@bernstein-lawfirm.com
                                            NY Office:
                                            1580 Ocean Avenue
                                            Brooklyn, New York 11230

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 20, 2017** I served a true and correct copy of the foregoing via e-mail to all counsel or parties of record on the attached Service List.

By: *s/ Michael I. Bernstein*
**Michael I. Bernstein**

## SERVICE LIST
## Case No.: 1:16-cv-03388-PKC

**Penn A. Dodson**
Anderson Dodson P.C.
11 Broadway, Suite 615
New York, New York 10004
penn@andersondodson.com