

August 15, 2018

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl St.
New York, NY  10007

<u>Via ECF</u>

>	Re:	Guimaraes v. Berkshire Coal Corporation, et al.
>		Case No. 1:16-cv-03388-PKC
>		**Motion to Reopen Case to Enter Confessed Judgment**

Your Honor:

On behalf of the plaintiffs in the above-referenced case, we hereby move this Court to reopen the above-referenced wage and hour case for the limited purpose of entering the signed confession of judgment, due to Defendants' default as to its settlement obligations.  The agreement itself [Dkt 70-1], as approved by this Court's Order [Dkt. 76], expressly allows for this court to enter this judgment in this court.

Attached hereto in support are the following documents
   a) Declaration of Penn Dodson, Esq. in support
   b) The Settlement Agreement [Dkt. 70-1]
   c) The executed Confession of Judgment
   d) The formal Notice of default
   e) Email to counsel

<u>Relevant Procedural History</u>
At the start of this case in 2016 the Defendants never appeared, and a default judgment was entered on March 24, 2017 against them in the amount of $948,584.49 [Dkt 35], with

the amount of statutory attorney fees yet to be determined. Shortly after, the Plaintiffs put a lien on a piece of real property the defendants owned in New Jersey. On September 20, 2017 the defendants filed an Order to Show Cause why Defendant's Motion to Vacate should not be granted [Dkt 36]. Plaintiffs strongly opposed this motion. [Dkt. 38]. The parties litigated this motion and it was eventually granted [Dkt 56]. The Plaintiff filed a Motion for Reconsideration which was denied [Dkt 58, 62]. Therefore, the lien on the real estate was released, and the Defendants sold the asset.

The Defendants filed their Answer on behalf of some of the defendants and a Motion to Dismiss on behalf of another [Dkt 63, 64]. The parties and their counsel engaged in settlement negotiations and notified the courts they had reached a settlement in principle on January 16, 2018 and asked for an extension to answer the Motion to Dismiss which was granted [Dkt 67, 68].

After negotiations among counsel as to the terms, the parties ultimately signed a written agreement on January 16, 17, and 23 and moved for approval thereof on January 24, 2018 [Dkt. 70]. The court issued an order requesting more information on the settlement and the parties submitted the requested information on February 13, 2018 to the Courts [Dkt 72, 75]. The Court entered an order approving of the settlement on March 9, 2018 [Dkt 76].

Provisions

The $83,000 settlement [Dkt. 70-1] was to be paid out over a period 13 months with $5,000 paid each month and $23,000 to be paid as the last payment. (Dkt. 70-1, pp. 2-3, § III(A)). Defendants only made the first two $5,000 payments.

The portion of the Settlement Agreement relating to default states as follows (Dkt. 70-1, p. 3, § B(1)):

> Blum agrees to fill in the blanks and sign, in the presence of a notary public, the affidavit of confession of judgment attached hereto as Exhibit C. This Confession of Judgment shall be delivered to Plaintiffs' attorneys contemporaneously with the executed agreement. Plaintiffs' attorneys agree to hold this confession of judgment in escrow and will not cause it to be filed unless the following actions and inactions occur. If a payment is not received within ten (10) calendar days of its due date, counsel for the Plaintiffs shall notify Defendants in writing (email or fax to its counsel are acceptable). Thereafter, if the payment is not received within ten (10)

business days of the foregoing notice to cure, Plaintiffs or Plaintiffs' Counsel may file the Confession of Judgment in court on notice to the Defendants counsel for the amount of One Hundred Thousand Dollars ($100,000) less any payments received through any date of default.

Attached hereto is an exhibit is a copy of the Notice, dated July 17, 2018. No payments have been made following this notice. (See Dodson Decl.).

### Attempts to Collect

Over the course of a thirteen-payment payout period, Defendants have made only two payments and have failed to make other payments whose due dates have come and gone.

In late April/ early May, the defendants did propose an alternative payment schedule and the plaintiffs begrudgingly agreed informally, hoping to actually receive the money. The parties did not formally modify the agreement but agreed to not seek default if the payments were actually made as proposed. Unfortunately, that did not happen. The defendants to date have only made 2 of the 13 payments.

After further payments were not received we emailed opposing counsel and received no response at all. We also tried calling his office, but they were never available and never returned the call. Further efforts to attempt to collect by informal means appear to be futile. Since that time Plaintiff has served Defendants with the notice of default on July 17th with no response at all.

### Calculation of Monetary Amount

The confession of judgment is for the following amount:
- $100,000,
- plus attorney fees and costs,
- plus interest at 9% per year beginning on the date the judgment is entered,
- minus amounts paid pursuant to the agreement.

(Confession of Judgment, ¶ 2).

$100,000.   This number is higher than the total agreed settlement amount of $83,000 essentially because the plaintiffs strongly contended that they were entitled to more than $83,000 but were willing to settle for the lower amount on the condition that they would actually be paid.  It is still far less than the almost seven figure default judgment number

the plaintiffs were originally awarded. The higher amount was not an arbitrary "stick" to ensure compliance (otherwise the number may well have been an exponent of the agreed amount) but was a fair number to confess judgment to in the event of ultimate noncompliance with the agreement.

*Interest.*  Applying standard CPLR principles that interest applies to the principal amount due and generally not to other things like attorney fees, we can compute interest by multiplying the quantity of days between the date of entry of the judgment and 1/16/2018, divided by 365 days in the year (to get the percentage of the year) times 9% times $100,000.

*Costs and Disbursements.*  The confession states that the second component of recovery is to be "costs and disbursements." In other cases, plaintiffs' counsel has facilitated the passing of cases to law firms focusing their practices on collections.  Those that do accept such cases on a contingency have generally asked for a third of the recovery as fees.  In this case that would therefore make the costs and disbursement portion $50,000. ($150,000 times 1/3 = $50,000, which would in turn leave the $100,000 in tact).

*Amounts Paid.*  The settlement agreement allowed for the defendants to make their payments over time. The only payments made were the first $5,000 due in March, 2018 and then another $5,000 due in May, 2018, for a total of $10,000.

*Summary.*
According to mathematical order of operations principles, addition and subtraction terms should be computed in order.  Putting these numbers together, as a matter of mathematical application of the language of the contract and confession of judgment, the following calculations result:

```
    $100,000.00
 +$  50,000.00  (attorney fees and costs)
 - $  10,000.00 (amounts paid)
   $140,000.00 + interest TBD
```

## Motion to Reopen and Enter Judgment; Logistics

For the foregoing reasons, we ask that the case be reopened for the purpose of entering that judgment against defendants and that the confession of judgment attached hereto be entered.

**AndersonDodson, P.C.**
11 Broadway * Suite 615 * New York, NY  10004
(212) 961-7639 Tel * (646) 998-8051 Fax
www.AndersonDodson.com

If the court deems it appropriate for the Defendants to be notified and given an opportunity to respond, we propose that the court issue an Order
- granting the motion to reopen the case; and
- stating a short timeframe in which Defendants may respond (such as within 5 days from the date of ECF filing)

If no response is appropriate, we simply ask that the judgment be entered.

Thank you for your consideration of these matters.

Sincerely,

Penn Dodson, Esq.
penn@andersondodson.com